Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re: ) CHAPTER 13 PROCEEDINGS
)
) CASE NO. 14-01562-PHX-DPC
RICHARD BERNARD BELTRAN, )
) TRUSTEE'S EVALUATION AND
) RECOMMENDATION(S) REPORT WITH
) NOTICE OF POTENTIAL DISMISSAL IF
) CONDITIONS ARE NOT SATISFIED
) RE: CHAPTER 13 PLAN
_____(Debtor(s)_____) *Docket #2*

Edward J. Maney, Trustee, has analyzed the Debtors Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:** (NOTE: THE TRUSTEE DOES NOT ACCEPT ELECTRONIC SERVICE)

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation.  <u>In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.</u>

**Specific Recommendations:**

1. The Debtors received significant tax refunds for 2013, which, if allowed to continue, would constitute a diversion of projected disposable income. **Unless the Plan provides for 100% repayment to all creditors**, the Trustee will requires the Debtor to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive pay stubs to verify this has been corrected **OR** will require the turn over tax refunds for each year during the life of the plan (2014, 2015, 2016, 2017 and 2018) as supplemental plan payments.

2. Trustee objects to the single Debtor's retention of two motor vehicles.  Excess vehicle(s) must be surrendered to the lien holder, **the Plan must be confirmed at 100% repayment to all creditors**, or Plan must pay to the non-priority unsecured creditors an additional amount equivalent to the value of the excess vehicle(s).  Plan to be appropriately revised.

3. The Plan provides for a payment of the secured claims to FreedomRoad Financial (motorcycle – claim #4) and Toyota Motor Credit (2010 Prius – claim #2) in amounts greater than that stated in the creditors' secured proofs of claim.  The Order Confirming the Plan may provide for payment of the lower, secured claim amounts.

4. Considering the debtors' Monthly Disposable Income per B22C of $2,782 and available income per budget Schedules I and J of $1,977; **the debtors must confirm their plan at 100% repayment to creditors** as their monthly payments to the Trustee is only $1,145 per month.

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. **The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any.** General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee approximately $31,334 or an estimated 100% of related debts, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled $21,727 equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Dated: [see electronic signature]

_____
Edward J. Maney, Trustee

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Richard Beltran
15850 N. Thompson Peak Pkwy. #2050
Scottsdale, Arizona 85260
Debtor

Oswalt Law Group
300 W. Clarendon Ave.
Suite #290
Phoenix, Arizona 85013
Debtors' counsel

By:_____
Trustee's Clerk