1 | Sandra C. Oswalt, Esq. (027283)
2 | David W. Reichel, Esq. (018121
  | **OSWALT LAW GROUP, P.C.**
3 | 3923 S. McClintock Drive, Suite 400
4 | Tempe Arizona 85282
  | Tel: (602) 225-2222 | Fax: (480) 456-8866
5 | davidr2@oswaltlawgroup.com
6 | *Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| RICHARD BERNARD BELTRAN, | Case No. 2:14-bk-01562-DPC |
| Debtor. | STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN AND APPROVAL OF ATTORNEY FEES |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amount of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtor shall make the following monthly Plan payments:

| Months | Payments |
|---|---|
| 1-54 | $ 1,145.00 |
| 55-60 | $       .00 |

The payments are due on or before the 12th day of each month commencing March, 2014. Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Order.

The Debtor shall provide, directly to the Trustee copies of his **federal** and **state** income tax returns, every year for the duration of the Chapter 13 Plan, within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtor's annual disposable income.

*In re: Richard Bernard Beltran*
*Case No.: 2:14-bk-01562 DPC*
*Stipulated Order Confirming Chapter 13 Plan*

Page -1-

Case 2:14-bk-01562-DPC   Doc 21   Filed 07/14/14   Entered 07/15/14 09:01:38   Desc
Main Document    Page 1 of 5

(2) Other Property. None. In the event that other property is submitted, it shall be treated as advanced payments.

(B) **DURATION**. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS**. Claims shall be classified as listed below. **The Plan and this Order shall not constitute an informal proof of claim for any creditor.** This Order does not allow claims. Claims allowance is determined by § 502 and Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) Administrative expenses.
Attorney Fees. Oswalt Law Group, P.C., shall be allowed total compensation of $4,500.00. Counsel received $2,500.00 prior to filing this case and will be paid $2,000.00 by the Chapter 13 Trustee through the Plan. All services listed in paragraph (F)(1), except for adversary proceedings, are included in the flat fee amount. Nothing in the plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtor. Counsel is to represent the Debtor in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(2) Claims Secured by Real Property:
Wells Fargo Bank, N.A., as Wells Fargo Home Mortgage, has a claim secured by Debtor's residence, with arrearages due in the amount of $154.28, to be paid through the Plan at 0% interest. Post-petition payments are to be paid directly by Debtor outside of the Plan.

(3) Claims Secured by Personal Property:
Freedom Road Financial has a claim secured by a 2007 Ducati 1098S in the amount of $6,659.85, to be paid through the Plan at 5.0% interest. The creditor shall receive adequate protection payments of $100.00 per month. The balance of the claim, if any, shall be classified as an unsecured non-priority claim.

Toyota Financial Services has a claim secured by a 2010 Toyota Prius III Hatchback 4D, in the amount of $19,106.44, to be paid through the Plan at 2.9% interest, with adequate protection payments of $100.00 per month.

(4) Unsecured Priority Claims:
The Arizona Department of Revenue shall be paid its priority tax claim in the amount of $560.00, through the Plan, with no interest.

*In re: Richard Bernard Beltran*
*Case No.: 2:14-bk-01562 DPC*
*Stipulated Order Confirming Chapter 13 Plan*
Page -2-

Case 2:14-bk-01562-DPC    Doc 21    Filed 07/14/14    Entered 07/15/14 09:01:38    Desc
Main Document    Page 2 of 5

(5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property: None.

(6) <u>Other Provisions</u>: Debtor assumes the following contracts/leases:
a. Verizon Wireless cell phone contract.
b. Dakota at McDowell Mountain Ranch residential lease.

(7) <u>Unsecured Non-priority Claims</u>. Claim allowance is determined by §502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328. In this case, timely filed claims shall be paid 100% of their allowed general unsecured claims, pro rata from the balance of the payments under the Plan, prior to the entry of a discharge.

**(D) EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in the Debtor upon confirmation.

**DATED AND SIGNED ABOVE**

APPROVED AS TO FORM AND CONTENT:

_____
Edward J. Maney, Trustee

_____
David W. Reichel, Attorney for Debtor

In re: Richard Bernard Beltran
Case No.: 2:14-bk-01562 DPC
Stipulated Order Confirming Chapter 13 Plan

Page -3-

Case 2:14-bk-01562-DPC   Doc 21   Filed 07/14/14   Entered 07/15/14 09:01:38   Desc
Main Document   Page 3 of 5

CERTIFICATION OF DEBTOR: I, Richard Bernard Beltran, hereby certify:

(1) I have reviewed the foregoing Stipulated Order Confirming Chapter 13 Plan in this case, and I approve same;

(2) I have filed all applicable Federal, State, and local tax returns as required by 11 U.S.C. § 1308; AND

(3) I am not subject to any domestic support obligations.

By: /s/ Richard Bernard Beltran
Richard Bernard Beltran

**Plan Summary Appears on the Following Page.**

///

///

///

///

///

///

///

///

///

///

LOCAL SAMPLE FORM 13-2. PLAN ANALYSIS

| | | |
|---|---|---|
| Debtor(s): | Richard Bernard Beltran | Case No.: 2:14-bk-01562 |
| Prior: | Chapter 7 ( )   Chapter 13 ( ) | Date: July 7, 2014 |

## TOTAL DEBT AND ADMINISTRATE EXPENSES
## PROVIDED FOR BY THE PLAN

| | | | |
|---|---|---|---:|
| A. | DEBTOR'S UNPAID ATTORNEY FEES | $ | 2,000.00 |
| B. | PRIORITY CLAIMS | $ | 560.00 |
| | 1.   Taxes | $ | 560.00 |
| | 2.   Other | $ | 0.00 |
| C. | PAYMENTS TO CURE DEFAULTS | $ | 154.28 |
| D. | PAYMENTS ON SECURED CLAIMS | $ | 26,939.13 |
| E. | PAYMENTS ON OTHER CLASS | $ | 0.00 |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS | $ | 25,751.54 |
| G. | SUB-TOTAL | $ | 55,647.00 |
| H. | TRUSTEE'S COMPENSATION ( 10 % of debtor's payments) | $ | 6,183.00 |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS | $ | 61,830.00 |

## RECONCILIATION WITH CHAPTER 7

| | | | |
|---|---|---|---:|
| J. | INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED | | |
| | 1.   Value of debtor's interest in nonexempt property | $ | 25,424.54 |
| | 2.   Value of property recoverable under avoiding powers | $ | 0.00 |
| | 3.   Less: Estimated Chapter 7 administrative expenses | $ | 3,292.45 |
| | 4.   Less: Priority claims | $ | 560.00 |
| K. | EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS UNDER CHAPTER 7 | $ | 21,572.09 |
| L. | ESTIMATED DIVIDEND UNDER PLAN | $ | 25,751.54 |

IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.